UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRYAN W. KENYON,

    Plaintiff,

v.

LAKE COUNTY JAIL, et al.,

    Defendants.

Case No. 17-05578 EJD (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner at the Lake County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that he was arrested on March 25, 2017, for violating California Penal Code § 459 (burglary with theft). (Compl. at 3.) Plaintiff was sentenced to three years on June 26, 2017, to be served at the County Jail. (Id.) Plaintiff claims that under the terms of his sentence, he will receive half credits under Penal Code §§ 2933 and 4019. (Id.) Plaintiff claims that he should be given the same credits for custody that he would receive had he been "sent to CDCR." (Id.)

If a state prisoner's time credits have been improperly computed, he may have a claim for denial of due process, see Haygood v. Younger, 769 F.2d 1350, 1355-58 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986), which generally may only be remedied by way of a petition for a writ of habeas corpus, see Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991); accord Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987). Here, Plaintiff is alleging that he is entitled to more credit that he is receiving which clearly affects the duration of his confinement. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Accordingly, this action should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. Id.

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983,

2

see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for the allegedly improper calculation of time credits by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED** without prejudice to filing as a new habeas action under 28 U.S.C. § 2254.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 2/5/2018

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.17\05578Kenyon_dism(cr-hc)

3